ELLIS, Judge.
This is a workmen’s compensation case which is before the court for the second time. The plaintiff was granted a judgment for temporary total disability reserving the right of either party to reopen these proceedings in District Court and writs to the Supreme Court were denied. This decision was reported in La.App., 93 So.2d 245. The plaintiff is now exercising the right to reopen the proceedings reserved to him in that judgment.
Elza Fontenot was employed by R. L. Myers. He worked in Myers’ junk yard dismantling junked cars and selling parts. Defendant also had a herd of cattle and Fontenot daily tended this herd, and milked several cows twice a day, along with his junk yard duties. The compensation for this employment was computed as $39.23 per week. While engaged in roping cattle in the course of his employment, Fontenot received a severe rope burn affecting his left hand. The rope burn became infected and resulted in disability despite medical treatment. Fontenot is righthanded. Fontenot sued his employer under the provisions of the workmen’s compensation statutes and was granted judgment on the first appeal as set forth above.
Fontenot has had several jobs since he received the injury to his left hand. He has been employed as a helper to a drag-line operator and also as a yard man. He received $1. per hour on both of these jobs. He worked as a caretaker and guide at a hunting camp at a salary of approximately $400 per month. He has also worked as a professional gambler. Plaintiff testified that at the time of the trial he was running a game of bouree and received $25 to $30 per week as his share of the proceeds. The only one of these positions which were materially affected by the injury to plaintiff’s hand was the job in connection with the dragline. The duties on this job were considerably more stringent than those required at Myers’ Garage.
Plaintiff introduced evidence that he attempted to secure employment at a garage but was not hired because the ring finger and the little finger were stiff and awkward as a result of the injury sued upon. Ex *260 pert witnesses, Dr. George B. Briel and Dr. Charles V. Hatchette, testified at length concerning the nature and extent of the injury. No purpose would be served by a minute review and summary of this testimony. Suffice it to say, Dr. Briel considered the injury to the finger as a IS to 20 per cent disability of the left hand and Dr. Hatchette found that the same injury constituted a 10% disability of the left hand. This finding seems sound, considering the record as a whole. In addition, both of the experts who testified felt that the present disability could be corrected almost 100% by proper treatment and exercise under expert supervision over a period of several months.
The trial judge gave judgment under LSA-R.S. 23:1221(4) (o) for compensation of $10 per week for 150 weeks. The plaintiff has perfected an appeal from this judgment.
The one issue involved on this appeal is the extent of plaintiff’s disability. Counsel for plaintiff contends that there is total permanent disability under the provision of LSA-R.S. 23:1221(2). Cited as authority for this contention is the following statement from Workmen’s Compensation Law and Practice, Sec. 279, p. 352 by Wex S. Malone:
“The listed losses are now confined to situations where there was neither a total nor partial disability.”
The plaintiff in this case is disabled to a certain extent. However, it appears from the record that as regards his employment at the time of his injury it only partially affects his ability to use small tools. The proof on this point is not conclusive. That is, it is not proven by a preponderance of the evidence that plaintiff would not be able to satisfactorily perform the duties required of him under his employment with Mr. Myers.
It appears that plaintiff has been gainfully employed several times since the institution of the suit. The wages received by plaintiff on the recent jobs were in most instances as great or greater than the wage he received in defendants’ employ. In addition plaintiff has no particular skill or trade. Therefore, applying the rule set forth above from Mr. Malone’s test, this case falls into the exception noted therein, i. e., there is neither a total nor a partial disability here as contemplated by the applicable statutes and their cases interpreting them.
All things considered, this appears to be a case for the application of LSA-R.S. 23:1221(4) (e, o) and this court finds that the trial court correctly applied this statute, the pertinent parts of which are quoted here as follows:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments: * *
“(e) For the loss of hand, sixty-five per centum of wages during one hundred fifty weeks. * * *
“(o) In all cases involving a permanent partial loss of the use or function of the members mentioned herein-above, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, * * exceed the compensation payable for the loss of such member.”
A similar application of the above statute was made in the recent case of Hall v. Pipe Line Service Corporation, 233 La. 821, 98 So.2d 203. Computing the award due plaintiff, we must take 65% of $39.23 or $25.50. Next we must take 15% of this amount. The result is $3.83 per week. This is below the minimum of $10 per week prescribed by LSA-R.S. 23:1221. Therefore, the award in this case is set at $10 per week for a period of 150 weeks.
*261 For the reasons assigned, the trial courts’ judgment is affirmed in all respects and costs of this appeal are taxed to the defendant.
Affirmed.