ELLIS, Judge.
This is a workmen’s compensation case brought by Damon Lethermon, plaintiff, against American Insurance Company and Ross E. Cox d/b/a Ross E. Cox, Contractor, defendants-appellants, for injuries sustained on December 22, 1959. The plaintiff was granted a judgment for permanent *508 partial disability at the rate of $10 per week for 150 weeks less $385 in compensation previously paid and for 12% penalties on the total amount of the above award and $500 attorneys fees. Defendants-appellants have effected a suspensive appeal and plaintiff-appellee has answered the appeal praying that he be awarded compensation for total permanent disability and that the award for attorney’s fees be increased.
There is no dispute as to the fact that plaintiff (a mason tender) sustained an injury to two fingers of his left hand on December 22, 1959 within the course and scope of his employment for the defendant, Ross E. Cox, d/b/a Ross E. Cox, Contractor, and that the American Insurance Company was the workmen’s compensation insurer.
The first issue presented for our determination is whether or not plaintiff is disabled from performing the duties he performed prior to his injury, and if he is disabled,- to what extent. It is defendant’s contention that plaintiff was not disabled after March 8, 1960, the date he was released by Dr. B. E. Coggeshall, the attending physician.
From the record it appears that three medical experts in the field of orthopedic surgery testified on the trial of the matter. Dr. Coggeshall testified that on the date of the accident, he examined plaintiff and found that he had a compound fracture of the proximal phalanx of the long finger on the left hand and a simple fracture of the ring finger, proximal phalanx of the left hand. Further, he testified that there was a rather long laceration over the dorsal portion of the long finger. Dr. Coggeshall repaired the extensor tendon of the long finger, performed an open reduction of the proximal phalanx and a closed reduction of the proximal phalanx of the index finger. Stitches were taken in the tendon of the long finger, the skin was sewn, and the hand was put in a splint. The cast remained on for approximately three weeks. Plaintiff remained under the care of Dr. Coggeshall until March 8, 1960, when he was discharged as able to return to work. Dr. Coggeshall further testified that although he felt that plaintiff could return to his work as a mason tender doing manual labor, he was of the opinion that plaintiff suffered from a permanent impairment of from ten to fifteen percent of the use of his left hand.
Dr. William E. Smith, an orthopedic surgeon who examined plaintiff on March 21, 1960 at the request of defendants, testified that: “It is my impression that this patient suffered fractures of the proximal phalanges of the left long and index fingers as a result of his injury in December of 1959. I feel that this patient has an excellent functional result in his left hand at this time considering the injury that he sustained. He does, however, have a significant disability involving both the long and index fingers of this hand. From my calculations it would appear that he has at this time a forty per cent disability of the left long finger and a ten per cent disability of the left index finger. The forty per cent disability of the long finger would represent eight per cent of the hand and ten per cent disability of the index finger would represent two point four per cent of the hand, therefore, at this time he has a ten point four per pent disability of the entire left hand.”
Dr. James F. Halley, who examined plaintiff on June 20, 1960, was, to some extent, in disagreement with the other doctors. Dr. Halley was of the opinion that plaintiff suffered from an atrophic type of arthritis in his hands which produced moderate disability, but such condition preexisted the accident. He was further of the opinion that there was minimal disability as a result of the accident as far as the fractures were concerned. Both Dr. Coggeshall and Dr. Smith testified that their examinations, substantiated by x-rays, revealed no arthritis, but upon a physical examination of plaintiff at the trial, both doctors found some arthritis did exist in both hands at the day of the trial.
*509 Although there is some conflict in the medical testimony as above pointed out, the following points were the unanimous findings of the experts. First, that there was some permanent disability to the left hand of plaintiff. Second, that plaintiff was sincere in his complaints of pain. Third, that according to positive physical findings, there existed no basis for significant pain to the degree as testified by to this plaintiff, although all experts agreed that pain is subjective, and that it is possible that he might be experiencing significant pain. Fourth, that plaintiff could perform the substantial duties of a laborer that he performed prior to the accident without pain and notwithstanding the percentage of permanent disability in his left hand.
Plaintiff testified that he had been experiencing considerable pain since the accident when any pressure is put on the injured hand. The record indicates that he had made only one attempt to do manual labor since his accident. This occurred when he attempted to shovel some dirt in his yard sometime in the month of February. On this occurrence, plaintiff testified that he experienced severe pain in his hand. However, there is no evidence in the record that would indicate that plaintiff has seriously attempted to do manual labor subsequent to his release by Dr. Ccg-geshall on March 8, 1960 as able to return to work. Plaintiff simply testifies that he has not obtained employment because he feels he is unable to work without pain in his left hand.
Under the circumstances, we feel that the decision of the learned trial judge that plaintiff is partially disabled, but not totally disabled, is eminently correct.
Counsel for plaintiff contends that the case of Chase v. Pointe Coupee Parish School Board, La.App. 1st Cir., 1956, 89 So.2d 466, is authority for this court to hold that the present plaintiff is totally permanently disabled. In the Chase case, a colored school teacher suffered a fractured hip. The medical specialists testified that the plaintiff would have difficulty in standing on her feet for long periods of time. Further, the orthopedic specialist who treated the plaintiff and had her under his care at the date of the trial (more than a year from the date of the accident) testified that she walks with a limp and some pain. Further, he felt that she would always have some pain in her hip due to the metal plate and screws in her hip. Further, this would be aggravated and intensified by prolonged standing. He felt that this pain might be partially alleviated by removing the metal plate and screws.
It is our opinion that there is considerable difference between a situation where there is positive medical evidence substantiating complaint of pain as in the Chase case, and a situation where all the medical experts are of the opinion that their medical findings do not substantiate claims by the injured party that substantial pain exists. Certainly, the medical experts in the instant case could not definitely say that plaintiff did not suffer pain, for pain is subjective and is best known to the individual that experiences it. Perhaps, someday medical science will advance to a stage where subjective as well as objective complaints can be measured. However, such is not the case today, and as jurists we must apply the law to the facts as presented. Under the circumstances we cannot say that the trial judge erred in his-holding that plaintiff failed to show total disability.
Counsel for defendant strongly contends, that the present case is controlled by the case of Senegal v. Travelers Insurance Company, La.App. 1st Cir., 1955, 79 So.2d 631. In the Senegal case, plaintiffs claim for total permanent disability was denied under circumstances very similar to the instant case. The claimant had suffered injuries to the fingers of his left hand which resulted in a 10% permanent loss of function of the hand. The medical testimony was to the effect that he could return to the type work performed before the accident. Counsel for defendants urges that since *510 plaintiff’s claim was denied in the Senegal case it is authority for the proposition that when an injured employee is able to return to work regardless of a partial permanent impairment of the function of a member, no recovery is to be had for impairment. This we do not feel is the law. Since we do not have the complete record of the Senegal case before us, suffice it to say that we feel that the trial judge in the instant case was correct in his findings that plaintiff is entitled to compensation for the partial permanent loss of use of his hand. See Fontenot v. Myers, La.App. 1st Cir., 1959, 109 So.2d 259; Hebert v. Gates, La.App. 1st Cir., 1951, 50 So.2d 859.
In his award of compensation to plaintiff, the trial judge correctly held that under LSA-R.S. 23:1221(4) (o), he was entitled to compensation at $10 per week for 150 weeks subject to a credit for compensation previously paid. Under LSA-R.S. 23:1221(4) (e) plaintiff would have been entitled to compensation at the rate of 65% of his weekly wage for 150 weeks for the loss of his hand. Since he experienced only a permanent partial loss of the use of the hand, sub-section (o) is applicable. This section provides:
“(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”
It is settled jurisprudence that to compute the compensation payable for a partial loss of use of a member is to multiply the per cent of partial loss times 65% of wages and allow the amount thus obtained, per week, for the number of weeks permitted for the total loss of the member. Hall v. Pipe Line Service Corporation, 1957, 233 La. 821, 98 So.2d 202; Fontenot v. Myers, La.App.1959, 109 So.2d 259. Further any compensation based on the above formula is also regulated by LSA-R.S. 23:1221 setting out that the minimum compensation that can be paid per week is $10.
Counsel for defendant strongly contends that it was error for the trial judge to award penalties and attorney’s fees against defendant insurer in the instant case. In his written reasons for judgment, the trial judge stated:
“Penalties and attorney’s fees are assessed against the insurer for the reason that it had ample notice from its own doctor at the time of plaintiff’s discharge as able to resume his regular work that plaintiff had a 15% permanent disability of his hand. Despite that notice the insurer discontinued all payments or compensation benefits, thereby becoming liable for penalties and attorney’s fees.”
The record indicates that the plaintiff was paid workmen’s compensation for a period of 11 weeks, the last payment being made on March 8, 1960.
The next compensation payment would have become due on March 15, 1960. Prior to March 15, 1960, Dr. Coggeshall rendered a medical report which clearly stated that plaintiff has a 15% permanent disability of his left hand. Also, defendant insurer had plaintiff examined by Dr. Smith who reported on March 21, 1960 that plaintiff had a 10.4% permanent disability of the left hand. In spite of this uncontradicted medical information available to defendant insurer, all compensation payments were stopped on March 8, 1960. In view of the above, we cannot say that the trial judge committed manifest error in awarding 12% penalties and attorney’s fees. Also, appropriate in this regard is a discussion of penalties and attorney’s fees by Justice Hawthorne, the organ of the Court, in Fruge v. Pacific Employers Insurance Company, *511 1954, 226 La. 530, 76 So.2d 719-721. In this case Justice Hawthorne stated:
“We can concede that defendant may-have been in good faith in refusing to pay plaintiff compensation for total and permanent disability on the ground that there existed a bona fide dispute between them as to whether compensation was due for such disability. However, there existed no bona fide dispute between them as to plaintiff’s partial disability, and thus defendant could not have been in good faith when it discontinued all compensation payments on March 30, 1953. In view of the fact that the dispute between plaintiff and defendant was merely over the extent of plaintiff’s disability, there was no justification for this discontinuance of all compensation on March 30, 1953, and we, like the Court of Appeal, can only conclude that defendant’s failure to pay compensation was arbitrary, capricious, and without probable cause, and that defendant is therefore subject to the penalties provided in R.S. 22:658, as amended by Act No. 417 of 1952.
“If instead of cutting off all compensation payments the defendant had tendered to the plaintiff an amount which it thought to be due for partial disability, our decision in this case might be different. The defendant, however, did not offer plaintiff any compensation whatever and thus forced plaintiff to litigate although the defendant knew from the medical reports in its possession that compensation was due for at least partial disability.”
In counsel for plaintiff’s answer to this appeal, he asks that the lower court’s award of $500 attorney’s fees be increased. Although we realize that the judge who tries the case is familiar with the work done by plaintiff’s attorney, a review of the record indicated that an increase of the fee to $750 would be reasonable and adequate.
Through inadvertence the defendant employer was cast for penalties and attorney’s fees with the defendant insurer for arbitrary non-payment of compensation. It is settled law that the penalty provisions of LSA-R.S. 22:658 are applicable only to insurers and not employers where the employers carry compensation insurance. Bassemier v. W. S. Young Construction Co., La.App. 1st Cir., 1959, 110 So.2d 766.
For the above and foregoing reasons, the judgment of the District Court is amended so as to increase the award of attorney’s fees to $750 and to hold the defendant insurer alone liable for the penalties and attorney’s fees, and as thus amended, is affirmed in all other respects.
Amended and affirmed.