[Civ. No. 26726.   First Dist., Div. Four.   Sept. 24, 1969.]

FRANK W. BERRY, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, HARRY'S BODY SHOP et al., Respondents.

Maurice S. Marcus and Marcus & Ury for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Jon L. Gateley, Mullen & Filippi and Philip A. Anderlini for Respondents.

CHRISTIAN, J.—Petitioner seeks review and partial annulment of an order by respondent Workmen's Compensation Appeals Board awarding petitioner a 63 percent permanent disability rating. Petitioner attacks only the board's refusal to assess a 10 percent penalty against respondent employer and insurance carrier (hereinafter called "employer") under Labor Code section 5814 for unreasonable delay in paying compensation.

On September 30, 1968, the employer petitioned the board to terminate compensation, which had earlier been ordered for temporary disability, contending that petitioner's condition had become stationary and ratable as of August 21, 1968. In support of the petition, the employer offered the opinion of

Dr. de Silva that, as of August 21, 1968, petitioner's condition had become stationary, that he was able to do light work, and that 25 percent of his disability was due to his industrial injury, the remaining 75 percent being attributable to a preexisting heart condition. At the same time, the employer ceased paying temporary disability benefits.

Petitioner resisted, asserting that his condition was still temporary and requesting assessment of a 10 percent penalty "for the unreasonable delay in the payment of temporary compensation benefits in the event they [the employer and insurance carrier] fail to make advances against permanent disability. . . ." The referee determined that petitioner's condition had become stationary as of September 25, 1968 and that his permanent disability was 63 percent; award was made accordingly. The referee determined at the same time that benefits had not been refused or delayed unreasonably and therefore that no penalty was warranted under Labor Code section 5814. The board denied reconsideration, adopting the report of the trial referee in its opinion.

Petitioner contends that the board erred in refusing to assess a penalty for the employer's delay in making permanent disability payments. Labor Code section 4650 requires that compensation benefits for permanent disability commence on the eighth day after the injury becomes permanent or the last payment of temporary disability, whichever first occurs. Therefore, the permanent disability payments in this case should have commenced at least by October 3, 1968. In fact, no payments were made until after issuance of the award on February 6, 1969. Thus the requirement of Labor Code section 4650 was not met. ▮ Labor Code section 5814 provides, in relevant part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts." This section clearly contemplates that there must be a reasonable cause for delay in making disability payments. Once delay is shown, a satisfactory explanation must be made by the employer. (*Greenwood* v. *Humboldt Machine Works* (1948) 14 Cal. Comp. Cases 63; 1 Hanna, California Law of Employee Injuries and Workmen's Compensation, § 6.07, subd. [2] [b], p. 6-33; see *Reynolds Elec. etc. Co.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 438, 444-446 [55

Cal.Rptr. 254, 421 P.2d 102]; *Argonaut Ins. Co.* v. *Industrial Acc. Com.* (1962) 210 Cal.App.2d 267, 268-269 [26 Cal.Rptr. 470]; *Christman* v. *Kaiser-Walsh-Perini-Raymond* (1959) 24 Cal. Comp. Cases 282.)

Here the employer has offered no explanation for its delay. The board adopted the referee's recital that it was not "unreasonable for defendant carrier to have stopped payments of temporary disability indemnity with the filing of its petition, and to have awaited a determination of its permanent disability liability." But there is nothing in the board's opinion to suggest the basis of this conclusion. The board does argue that it would be unreasonable to require an employer or insurance carrier to make advances of permanent disability prior to the hearing and rating by the board. ■ The board is arguing in effect that permanent disability need not be paid, under any circumstances, until after issuance of an award. No authority is given for such a rule. Labor Code section 4650, providing for commencement of permanent disability payments, does not suggest that this should be the rule. Such an interpretation is contrary to the provisions of section 5814 that a penalty must be assessed when payment has been delayed *either prior to or subsequent to* the issuance of an award. This language indicates that an employer is not entitled to await determination of his liability through issuance of a permanent disability award unless he shows a reasonable cause for doing so, just as he would be required to give a satisfactory excuse for delay in making payments *after* issuance of the award.

■ The only satisfactory excuse for delay which has been recognized in the decisions is genuine doubt, from a medical or legal standpoint, as to liability for benefits. (E.g., *Reynolds Elec. etc. Co.* v. *Workmen's Comp. App. Bd., supra,* 65 Cal.2d 438, 445-446, and cases there cited.) Applying this rule to the present case, we see that real parties in interest had reason to cease payment of *temporary* disability: Dr. deSilva's report stated that petitioner's condition had become stationary. (*Mauro* v. *Barron-Gray Co.* (1948) 14 Cal. Comp. Cases 93.) It is also clear that the employer would have been justified in refusing to make any permanent disability payments beyond the liability indicated in Dr. deSilva's report attributing 25 percent of petitioner's disability to the industrial injury. That is because there was genuine doubt, from a medical standpoint, as to whether any greater percentage of disability was attributable to the industrial injury. But the employer has never of-

fered any excuse—either medical or legal—as to why it would not have been liable for payments based on Dr. deSilva's report; there was no evidence which would have supported a finding of less permanent disability. Neither the referee nor the board offered any medical or legal reason justifying the delay other than that an employer is entitled to await issuance of an award. This is not an adequate reason for delay.

The board points to the following additional circumstances as justifying an inference that the delay was reasonable: the employer acted promptly in filing the petition to terminate a delayed payment only until issuance of the award; the doctor's report indicated that 75 percent of the total disability was attributable to a preexisting condition; petitioner never made a specific request of the employer to make the permanent disability payments; petitioner made no attempt to secure an earlier hearing date or to indicate that there was "some urgency" about receiving the payments and, in fact, requested a later hearing date. But none of these circumstances constitutes an adequate reason for delay. The employer was not entitled to await issuance of an award before commencing payments in the absence of legal or medical uncertainty. The prompt filing of a petition to terminate does not change the position; the fact that payments for 75 percent of petitioner's disability were in dispute was no reason to refuse payments for the 25 percent of petitioner's disability which was never in dispute. Petitioner does not contend that the employer should have paid any more than the amount warranted by their own doctor's report. Nothing in the statute indicates that an employee must demand payment before the latter is required to make timely disability payments, when he knows as well as the employee that such payments are due. The employer was well aware that petitioner wanted prompt payment; his answer to the petition to terminate, filed on October 3, requested a penalty for delay in the event advances against permanent disability were not made. The fact that petitioner failed to request an earlier hearing date, or that he later asked for a continuance does not excuse the employer's delay. A later hearing date cannot be said to have contributed to delay of the payments, since petitioner was entitled to the payments *before any hearing was held* and the employer had no right to refuse payments until after a hearing, absent a bona fide medical or legal doubt as to their liability. Petitioner was under no obligation to show "some urgency" in the matter. Under Labor Code section 4650, pe-

titioner was entitled to permanent disability at least as of October 3, 1968, and he was entitled to timely payments regardless of any particular urgency. Thus, the circumstances pointed to by the board do not constitute adequate excuse for the delay in making payments.

The award is annulled with directions to enter a new award allowing a penalty for late payment of benefits.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied October 22, 1969, and respondents' petitions for a hearing by the Supreme Court were denied November 19, 1969.