[Civ. No. 35860. Second Dist., Div. Five. Aug. 4, 1970.]

MARIO S. RAMIREZ, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
SAFEWAY STORES, INC., et al., Respondents.

228

## Counsel

Ghitterman, Spielman & Steele and Allan S. Ghitterman for Petitioner.

Rupert A. Pedrin, Nathan Mudge, Sheldon M. Ziff, Waite, Drapeau & Peters and David R. Drapeau for Respondents.

## OPINION

**SELBER, J.**\* — An employee seeks review and annulment of an award of the Workmen's Compensation Appeals Board insofar as it denies to him the 10 percent increase in benefits provided by Labor Code section 5814 by way of penalty against an employer for unreasonable delay or refusal of compensation.[1]

By the findings and award it was determined that petitioner, a meat cutter, sustained injuries to his back in 1965 and on January 13, 1969, which arose out of and occurred in the course of his employment by Safeway Stores, Inc., permissibly self-insured; that these injuries caused total temporary disability from February 13 through February 24, 1969 and from February 27 through March 31, 1969, and permanent disability of 18½ percent; that petitioner's earnings were maximum; and that the employer was liable for medical treatment which petitioner had procured from Dr. Violet, a chiropractor, between February 12 and March 19, 1969, and for medical-legal costs. No compensation whatever having been paid, the award directed payment forthwith of all accrued benefits with weekly installments of permanent disability beginning as of April 8, 1969, less amounts allowed to lien claimants including Dr. Violet for his services and the Department of Employment which had asserted a lien pursuant to the provisions of Labor Code sections 4903, subdivision (f) and 4904 for unemployment compensation disability benefits covering the period of temporary disability on and after February 19, 1969.

The referee denied the penalty provided by Labor Code section 5814 "because the Department of Employment advanced temporary benefits" and because the "failure to follow on with permanent disability as condemned in the case of *Berry* vs. *WCAB, 276 ACA 468,* was not tried herein."[2] Petitioner filed a petition for reconsideration in which he pointed

---

\*Assigned by the Chairman of the Judicial Council.

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decisions or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

[2]The cited case (*Berry* v. *Workmen's Comp. App. Bd.* (1969) 276 Cal.App.2d 381 [81 Cal.Rptr. 65]), held that the imposition of the penalty was mandatory for the employer's *failure to begin the payment of compensation for permanent disability* after it ceased payment of compensation for temporary disability solely on the basis of a medical opinion that the employee's condition had become stationary, that he was limited to light work, and that 25 percent of this disability was due to the industrial injury and 75 percent to preexisting causes.

out that he had raised the penalty issue in respect to the failure to provide "benefits" which term he asserted includes medical treatment and compensation for both temporary and permanent disability. Quoting from the case cited by the referee (*Berry* v. *Workmen's Comp. App. Bd.* (1969) 276 Cal.App.2d 381 [81 Cal.Rptr. 65]), he argued that the burden was on the employer to show a satisfactory excuse for its delay in providing benefits and that the only satisfactory excuse which has been recognized in the decisions is a showing of some basis for genuine doubt, from a medical or legal standpoint, as to liability.

In a report on the petition the referee stated: "At the hearing applicant raised the question of ten percent additional compensation for the failure to pay temporary disability. He did not raise the question presented in *Berry* vs. *WCAB 34 CC 507* (*District Court, 1969*), i.e., the only explanation offered by defendant was the fact that the Department of Employment had paid UCD benefits and had filed a lien in the case. It appears settled that the specific issue of additional compensation or the facts constituting cause for the additional compensation must be pleaded at the time of trial, allowing the defendant an opportunity to be heard and offer rebuttal evidence, otherwise there is a denial of due process. *National Auto and Casualty Company* vs. *IAC 95 Cal.App.2d 10 (1950)* [*sic*]. Because nothing was said about the failure to make payment of permanent disability benefits as required under Labor Code Section 4650, the Referee does not believe that issue has been squarely presented. Awarding additional compensation under the rule of the *Berry Case* would constitute a denial of due process as condemned in the *National Auto Case.*" Quoting these comments of the referee and without any discussion of whether the penalty should have been imposed for failure to pay compensation for temporary disability or for failure to provide medical treatment, the appeals board denied reconsideration without prejudice to petitioner's raising the issue dealt with in the *Berry* case "by proper procedure."

Petitioner renews the contentions made below. He interprets the board's decision as denying the penalty for failure to pay temporary disability compensation and medical expenses because he did not plead in detail each theory on which he sought to have the penalty imposed. In that respect he argues that there is no authority for the proposition that an employee must specify with particularity the legal theories to support his claim for benefits.

Respondents take the position that the advancement of unemployment compensation disability benefits is a satisfactory excuse for the employer's failure to pay temporary disability compensation and that the penalty was sought only in that respect. They argue that in no event is the employee

entitled to benefits from both sources (*Garcia* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 689 [263 P.2d 8]) and that to pay an employee temporary disability compensation when a lien has been imposed would subject the employer to liability for dual payments (*California-Western etc. Ins. Co.* v. *Industrial Acc. Com.* (1952) 39 Cal.2d 104 [244 P.2d 912]).

We hold that the conclusions of the board and referee are erroneous and that the uncontradicted evidence in the record compels the imposition of the penalty for the employer's failure to provide medical treatment and compensation for temporary disability in a timely manner. The conclusion that the penalty issue was not raised and tried in respect to all benefits is contradicted by the transcript of the hearing in this matter. The conclusion that the advancement of unemployment compensation disability benefits is a satisfactory excuse for an employer's failure to pay compensation for temporary disability in any amount either before or after notice or knowledge of such advancement is in error as a matter of law. We therefore conclude that the decision of the board, whether based on the first conclusion or on both, is erroneous.

At the hearing of this matter on September 2, 1969, it was stipulated that no compensation had been paid. The penalty issue was stated by the referee as follows: "Ten per cent penalty for unreasonable failure to pay benefits." The word "benefits" is in common use in compensation law and raises no ambiguity. Labor Code section 5814 authorizes the penalty when payment of "compensation" has been unreasonably delayed. Labor Code section 3207 provides that compensation "includes every benefit . . ." We can see no reason why the language used is not sufficient to put an employer on notice that the penalty is sought in respect to all benefits which were not timely provided. In the case of *National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.* (1949) 95 Cal.App.2d 10 [212 P.2d 1], cited by the referee and board, a penalty for willful failure to insure was imposed on an employer although the issue had not been raised. That portion of the award was annulled with directions to allow the employer to be heard on the issue. In the present case it is clear that the employer had notice and the opportunity to show good reason, if it had any, for its failure to provide each and every benefit required by law. Furthermore, the record reflects no contention on the part of the employer that it was misled by the statement of the penalty issue. The only reasonable conclusion to be drawn is that the parties have had their day in court on the issue of penalty in respect to each and every benefit.

In respect to the penalty issue, petitioner testified without contradiction or impeachment that he gave prompt notice of the injury of January 13, 1969 to the manager of the market where he was employed; that he con-

tinued to work with back pain which became progressively worse; that on February 12, 1969, he obtained treatment from Dr. Violet who advised him to remain off work; that on the subsequent advice of Dr. Violet he returned to work on February 25 on a trial basis for a day and a half but was unable to continue and on the doctor's further advice he remained off work; that after two or three weeks of disability he applied for unemployment compensation disability benefits which he subsequently received; that to his knowledge Dr. Violet submitted a first report of work injury to the employer, the Department of Employment, and the appeals board; that a representative of the employer interviewed him on March 25 at which time he told the latter that he felt able to return to work; that the employer would not permit him to return until he underwent a physical examination by a medical examiner on behalf of the employer; and that on April 2, 1969, he was examined by Dr. Offerman who allowed him to return to work.

The employer offered no evidence except for the medical records in its possession which it had filed in accordance with the rules of the board. They included two reports of Dr. Offerman of his examination of April 2, 1969, an X-ray report of that date, and a copy of Dr. Violet's first report of work injury from which it appeared by a stamp on the face thereof that it had been received by the employer on February 18, 1969. In this report, under date of February 14, 1969, Dr. Violet recited petitioner's claim of back injury while lifting a heavy tray of meat on January 13, 1969, and diagnosed the injury as follows: "Acute lumbo-sacral strain with myofascitis, subluxation L-3, L-4, and disc syndrome, right." He indicated that he had treated the condition on February 12, 1969, by chiropractic manipulations, ultrasound therapy, and analgesic balm massage. He expressed the opinion that further treatment three times a week for three weeks would probably be required, and he estimated a one-week period of total disability and a two-week period of modified work.

The X-ray report indicated that an X-ray of the lumbosacral spine appeared normal. Dr. Offerman reported that petitioner was able to return to his employment and expressed the following opinion: "I suspect that the injury which he had represented a ligament sprain in his back from which he has recovered completely."

The claim of the Department of Employment for lien was established by an initial and an amended request for lien. The first request showed that the Department had advanced unemployment compensation disability benefits covering the period from February 19 to March 11, 1969, and that notice thereof had been "delivered or mailed" to the employer on March 19, 1969. The amended request showed that the benefits had been advanced

covering the entire period of temporary disability and that notice thereof had been given on April 4, 1969, to the employer. The requests for lien do not show when the Department of Employment paid the benefits to petitioner.

In summary, the evidence establishes without contradiction that on January 13, 1969, or shortly thereafter, respondent employer had notice of industrial injury; that on February 18, 1969, it had notice of specific need for medical treatment and of disability beginning on February 12, 1969; that on or about March 20, 1969 it had notice that the petitioner had received UCD benefits; that it had neither paid for Dr. Violet's services nor provided other medical treatment; and that it had paid no sums as compensation for temporary or permanent disability at any time to either the petitioner or the Department of Employment. No explanation for the failure to comply with statutory requirements was introduced.

■ Upon notice or knowledge of a claimed industrial injury an employer has both the right and duty to investigate the facts in order to determine his liability for workmen's compensation, but he must act with expedition in order to comply with the statutory provisions for the payment of compensation which require that he take the initiative in providing benefits. ■ He must seasonably offer to an industrially injured employee that medical, surgical or hospital care which is reasonably required to cure or relieve from the effects of the industrial injury (Lab. Code, § 4600); he must begin the payment of compensation for temporary disability by a payment for one week in advance as wages on the eighth day after the employee leaves work as a result of the injury (Lab. Code, § 4650); he must begin the payment of compensation for permanent disability by a payment for one week in advance as wages on the eighth day after disability becomes permanent or the date of last payment of temporary disability indemnity, whichever occurs first (Lab. Code, § 4650).

■ "The broad purpose of workmen's compensation is to secure an injured worker seasonable cure or relief from industrially caused injuries in order to return him to the work force at the earliest possible time. ■ Compensation embraces every benefit or payment to which an injured employee is entitled, including reasonably required medical, surgical, and hospital treatment. (*Hockett* v. *Industrial Acc. Com.*, 170 Cal.App.2d 155, 157 [338 P.2d 604].) ■ The penalty for unreasonable delay in the payment of compensation is designed to help an employee obtain promptly the cure or relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion." (*Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76]). ■ The language of Labor Code section 5814 clearly contemplates that when de-

lay is shown, the burden is on the employer to show good reason for the delay. (*Berry* v. *Workmen's Comp. App. Bd., supra,* 276 Cal.App.2d 381). ■ Evidence which is sufficient to support a genuine doubt, from either a medical or legal standpoint, as to liability for compensation will establish a satisfactory excuse for delay. (See, e.g., *Reynolds Elec. etc. Co.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 438, 445-446 [55 Cal.Rptr. 254, 421 P.2d 102]; Cf. *Berry* v. *Workmen's Comp. App. Bd., supra,* 276 Cal.App.2d 381.)

Labor Code section 4904 provides that the claim for moneys advanced for unemployment compensation disability benefits shall be allowed in the amount of benefits paid for the same day or days of disability for which an award of compensation for temporary disability indemnity is made and that upon written notice the claim is a lien against any amount *thereafter* payable as compensation. It has been recognized that a primary and common object of both the Workmen's Compensation Act and the Unemployment Insurance Act is the prompt cash assistance to a disabled workman, and to that end the prompt payment of benefits under the Unemployment Insurance Act is encouraged in cases where there is any question whether benefits are payable under the workmen's compensation law. (*Garcia* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 689, 693 [263 P.2d 8].) ■ However, where there is no reasonable basis upon which the employer may rely to deny liability, he should not be permitted to shift his burden of paying compensation for temporary disability *as wages* to the Department of Employment by sitting idly by while the latter pays weekly benefits. The law clearly does not contemplate that an employer may delay the payment of weekly compensation for temporary disability until the Department of Employment picks up the payment of benefits and then, when the penalty provided by Labor Code section 5814 is claimed, justify that delay or subsequent delay solely on the basis of that fact.[3]

In *Hockett* v. *Industrial Acc. Com.* (1959) 170 Cal.App.2d 155 [338 P.2d 604], the penalty was imposed for the employer's unreasonable delay in the payment of compensation for temporary disability although the claimant had received disability benefits pursuant to the Unemployment Insurance Act for which a lien was allowed. The propriety of imposing the penalty was not questioned in that case.

■ In the case at hand it was established without contradiction that

---

[3]If for some good reason there has been initial delay by the employer and the employee has received some unemployment compensation disability benefits, we see no reason why the employer should not take over the payment of compensation and reimburse the payor when the reason for delay has ceased, thereby avoiding any dual liability.

the employer failed to provide medical treatment and compensation for temporary disability in a timely fashion. Dr. Offerman's opinion appears to be a sufficient basis for genuine doubt as to respondent employer's liability  for permanent disability and establishes a satisfactory excuse for the failure to pay compensation for permanent disability prior to issuance of the award. There is, however, no evidence which establishes a satisfactory excuse for the failure to provide medical treatment and compensation for temporary disability. We conclude that the imposition of the penalty is therefore mandatory.

That portion of the award which denies the penalty is annulled. The appeals board is directed to deny rehearing, to impose the penalty, and to enter an award therefor.

Stephens, Acting P. J., and Reppy, J., concurred.