[Civ. No. 10766. Fourth Dist., Div. Two. June 16, 1971.]

PHIL RAMSEY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
HUMKO PRODUCTS et al., Respondents.

## COUNSEL

Rose, Klein & Marias and Howard A. Gebler for Petitioner.

Rupert A. Pedrin, Gabriel L. Sipos, Kendig, Stockwell, Gleason & Allen and Joseph J. Gleason for Respondents.

## OPINION

**TAMURA, J.**—Petitioner seeks review and annulment of a Workmen's Compensation Appeals Board (Board) decision holding that the penalty provided by section 5814 of the Labor Code may not be applied to an award of further medical care and treatment. The decision is challenged on two grounds: (1) the Board lacked jurisdiction to render the decision, and (2) the decision was erroneous on its merits.

This is the second time this case comes before us on a penalty issue. On the prior occasion (*Ramsey* v. *Workmen's Comp. App. Bd.*, 2 Cal.App.3d 693, 697 [83 Cal.Rptr. 51]), the sole issue was whether the penalty assessed under section 5814 of the Labor Code should have been applied to temporary disability benefits previously awarded as well as to the permanent award made under a supplemental decision. The Board had imposed the penalty on the permanent award. In view of the Board's finding that respondent carrier had unjustifiably terminated payment of the temporary indemnity and unreasonably delayed payment of permanent benefits, we held that the Board should have imposed the penalty on the temporary disability indemnity and other benefits previously

awarded as well as on the permanent award. We annulled the Board's decision and remanded the matter with directions to take further proceedings with respect to the imposition of penalties in accordance with our opinion.

Following the remittitur in *Ramsey* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.App.3d 693, the Board on March 25, 1970, reissued its decision and award. It awarded petitioner permanent disability benefits, including lifetime medical care and treatment, and ordered that "the compensation payable herein . . . be increased by ten percent." Further, in compliance with this court's decision, the Board ordered that petitioner be awarded a 10 percent penalty on the temporary disability indemnity and other benefits previously awarded.

Petitioner sought reconsideration of the March 25, 1970, decision and award on several grounds, including a claim that the Board, in assessing the penalty on the temporary benefits previously awarded, failed to apply it to medical benefits furnished pursuant to the award. Respondents (employer and its carrier) opposed reconsideration urging that the penalty provided by section 5814 of the Labor Code should not be applied to an award of further medical care. On May 4, 1970, the Board denied petitioner's application for reconsideration. With respect to petitioner's claim that the Board failed to apply the penalty to the cost of further medical treatment, the Board pointed out, quite correctly, that inasmuch as "compensation" includes cost of medical care, the imposition of the penalty on "all compensation" necessarily applied the penalty to the award of further medical care.

Thereafter respondents sought reconsideration of the Board's decision of May 4, 1970, denying petitioner's application for reconsideration. The Board granted the request, reconsidered, and rendered a decision that the penalty provided by section 5814 of the Labor Code was, as a matter of law, inapplicable to an award of further medical care and treatment. Accordingly, the Board amended its March 25, 1970, decision and award by providing that the penalties there imposed shall not apply "to defendant's duty to provide future medical care and treatment as awarded herein."

▉ In our opinion the Board lacked jurisdiction to grant respondents' application for reconsideration of the penalty issue relating to the award of further medical care. The award of lifetime medical care and the penalty thereon was initially made by the referee's decision and award of June 2, 1969. That award was undisturbed by *Ramsey* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.App.3d 693. Our decision related only to the applicability of the penalty to the temporary disability

indemnity and other benefits previously awarded. Thus the time to seek reconsideration of the issue respondents sought to raise by their latest application for reconsideration may well have commenced to run from June 2, 1969. In any event the time commenced no later than March 25, 1970, when the Board reissued its award and decision after remittitur in *Ramsey* v. *Workmen's Comp. App. Bd., supra.*

A party aggrieved has 20 days to seek reconsideration of a final order, decision or award of the Board (Lab. Code, § 5903) and the Board has 60 days in which to grant reconsideration on its own motion (Lab. Code, § 5900, subd. (b)). The last date a party aggrieved could seek reconsideration of the award of March 25, 1970, would have been April 14, 1970 (Lab. Code, § 5903); respondent did not petition for reconsideration until May 21, 1970. The final date for granting reconsideration on the Board's own motion would have been May 24, 1970 (Lab. Code, § 5900, subd. (b)); reconsideration was granted on June 10, 1970.

Respondents urge that the time to seek reconsideration commenced as of May 4, 1970, the date the Board denied petitioner's application for reconsideration. ■ However, as the Board noted in its decision, ordinarily a person may not petition for reconsideration of an order denying reconsideration. ■ If one party prevails in the original hearing and on rehearing the other party prevails, the first party may petition for rehearing of the order made on rehearing because he has for the first time become the aggrieved party. (*Goodrich* v. *Ind. Acc. Com.,* 22 Cal.2d 604, 611 [140 P.2d 405].) ■ In the instant case the Board did not grant petitioner's request for reconsideration. Furthermore, respondents' allegation that they were aggrieved for the first time by the decision of May 4, 1970, is specious. The record discloses that respondents, instead of joining in petitioner's application for reconsideration on the ground the March 25, 1970, decision and award was ambiguous as to whether the penalty was intended to be applied to the award of lifetime medical care, vigorously opposed reconsideration. Moreover, in their application for reconsideration respondents candidly conceded that there was no ambiguity in the prior findings and award and stated that what they were seeking to raise was "not how the findings and Award should be construed but rather how Labor Code, section 5814, should be construed." Consequently respondents' assertion that they were aggrieved for the first time by the decision of May 4, 1970, is not borne out by the record.

However, we do not rest our decision on the jurisdictional ground. On its merits, the Board erred in holding that the penalty provided by section 5814 of the Labor Code was, as a matter of law, inapplicable to an

award of further medical care and treatment. ■ The statute provides that when payment of compensation has been unreasonably delayed or refused "either prior to or subsequent to the issuance of an award, the full amount of the . . . award shall be increased by 10 percent." (Lab. Code, § 5814.) "The award referred to is the award of compensation. 'Compensation' includes every benefit or payment conferred upon an injured employee by Division IV of the Labor Code (Lab. Code, § 3207)." (*Hockett* v. *Industrial Acc. Com.*, 170 Cal.App.2d 155, 157 [338 P.2d 604]; *Ramirez* v. *Workmen's Comp. App. Bd.*, 10 Cal.App.3d 227, 234 [88 Cal.Rptr. 865].) ■ "The penalty for unreasonable delay in the payment of compensation is designed to help an employee obtain promptly the cure or relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion." (*Davison* v. *Industrial Acc. Com.*, 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].)

Respondents urge that since the statute provides for a penalty upon the "amount" of the award, it contemplated imposition of the penalty only on the liquidated monetary aspects of an award and not on the cost of further medical care. We cannot subscribe to such a strained interpretation of the word "amount." ■ Although section 5814 speaks in terms of a "penalty," its provision must be liberally construed in accordance with the general purposes of workmen's compensation laws. (*Kerley* v. *Workmen's Comp. App. Bd.*, 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200].) ■ An award of medical care is "compensation" and as such is subject to the statutory penalty. ■ The "amount" of such compensation is the "monetary value of medical treatment." (Herlick, Cal. Workmen's Compensation Law Handbook (1970) p. 296.) The fact that the total "amount" of unaccrued temporary disability indemnity may not be known at the time of the award has not precluded imposition of a penalty thereon. (*Pacific Employers Ins. Co.* v. *Ind. Acc. Co.*, 23 Cal. Comp. Cases 19.) ■ So the fact that the cost of further medical care and treatment is unliquidated at the time of the award is not a bar to the imposition of the penalty on that specie of compensation. ■ We agree with the statement of one writer on the subject that the penalty applies to "medical costs and temporary indemnity not yet accrued." (Hanna, Workmen's Compensation Laws (2d ed. 1970) § 6.07[2] [b].) The amount of the penalty can be calculated and paid as and when the services are furnished. We are certain that respondent Board can deal administratively with the compliance problems posed by respondents. At oral argument respondent carrier conceded that at least one insurance carrier has worked out a satisfactory method of complying with an order imposing the penalty on an award of future medical care.

The Board's opinion and decision filed October 13, 1970, amending its "Opinion and Decision After Remittitur" of March 25, 1970, is annulled.

Gardner, P. J., and Kerrigan, J., concurred.