ARLENE ROESLER, APPELLANT, V. FARMLAND FOODS AND AETNA
CASUALTY & SURETY COMPANY, APPELLEES.

442 N.W.2d 398

Filed July 14, 1989.   No. 88-1082.

Thomas F. Dowd, of Thomas F. Dowd & Associates, for appellant.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

In this workers' compensation case, the plaintiff-appellant employee, Arlene Roesler, claims her award against the defendant-appellee employer, Farmland Foods, and its insurance carrier, defendant-appellee Aetna Casualty & Surety Company, is inadequate. She more specifically assigns as error the compensation court's failure to award (1) more temporary total disability benefits, (2) greater permanent partial disability benefits, and (3) a waiting penalty and attorney fees. Each of the assignments of error being without merit, we affirm.

Resolution of the issues presented by the assignments of error is controlled by the oft-repeated rules that as the trier of fact, the Workers' Compensation Court is the sole judge of the

credibility of witnesses and the weight to be given testimony; that factual findings by the Workers' Compensation Court have the same effect as a verdict in a civil case and will not be set aside unless clearly wrong; and that in testing the sufficiency of the evidence to support the findings of fact made by the compensation court, the evidence must be considered in the light most favorable to the successful party. *Osborne v. Buck's Moving & Storage, ante* p. 752, 441 N.W.2d 906 (1989); *Harpham v. General Cas. Co., ante* p. 568, 441 N.W.2d 600 (1989); *Quinn v. Archbishop Bergan Mercy Hosp., ante* p. 92, 439 N.W.2d 507 (1989); *Gloria v. Nebraska Public Power Dist.*, 231 Neb. 786, 438 N.W.2d 142 (1989).

That being so, no useful purpose would be served by burdening the jurisprudence of this state with a detailed recitation of the evidence. Suffice it to say that there is evidence from which the compensation court could find, as it did, that Roesler's total disability ceased on August 24, 1987, when she entered the part-time employ of the Western, Nebraska, school district as a librarian and special education aid, a position which requires Roesler to shelve books, type, and file. Indeed, the record demonstrates that she has not remained inactive since she departed Farmland Foods the day following that of her stipulated injury, about which more is said later. She was, at the time of her departure from Farmland Foods, employed as the Western, Nebraska, part-time village clerk, as well as the part-time bookkeeper for her husband's bulk fuel business. She continued to work at those positions throughout the period for which she was awarded temporary total disability benefits, May 8, 1987, to and including August 23, 1987.

In arguing that she is entitled to more temporary total disability benefits, Roesler points to the fact that on July 25, 1988, just less than a month prior to the rehearing date, her treating orthopedist noted that her "[c]ervical radiculopathy [seems] to be increasing" and questioned whether she would "benefit from an MRI and possibly even surgical intervention for her spine." The orthopedist at that time recommended a recheck by a Dr. David Smith. Although Roesler stated at rehearing that Dr. Smith had conducted tests, the record does not contain any such evaluation. Notwithstanding these

speculations, it remains clear that Roesler's treating physician himself, on September 18, 1987, expressed the view that Roesler suffered a 15-percent "whole body permanent physical impairment and loss of physical function as a result of her cervical spine disease." Thus, the record contains ample evidence to support the compensation court's finding with respect to when Roesler's period of total disability ceased.

In connection with the second assignment of error, Roesler argues that she suffered more than the "35 per cent permanent loss of earning power" awarded her in addition to benefits for disabilities of each of her hands. The parties stipulated that Roesler suffered a "bilateral carpal tunnel syndrome and aggravation of degenerative cervical disease" as the result of an accident arising out of and in the course of her employment on May 7, 1987. Again, it is sufficient to note that the record supports the finding of the compensation court in this regard. The record establishes that Roesler, who was 49 years old at the time of the hearing below, has had 2 years of college courses and has 4 years of teaching experience. There is medical testimony that although it is necessary for her to move and stretch periodically and to support her arms when extended for periods of time, she is not medically precluded from gainful employment. A vocational rehabilitation counselor testified that Roesler has "transferable skills," particularly in areas such as accounting and child care endeavors. It is this counselor's opinion that Roesler's loss of earning power is between 25 and 35 percent.

Finally, in the third assignment of error, Roesler urges the view that the compensation court erred in denying her both a waiting penalty and attorney fees. As is well known, where there is no reasonable controversy regarding an employee's entitlement to workers' compensation, Neb. Rev. Stat. § 48-125 (Reissue 1988) authorizes award to the employee of an attorney fee and a 50-percent payment for waiting time on delinquent payments. As is also well known, whether a reasonable controversy exists is a question of fact. *Harpham v. General Cas. Co., ante* p. 568, 441 N.W.2d 600 (1989). The foregoing recitation of Roesler's claims and of the evidence relating thereto adequately demonstrates that the

compensation court's express finding of a reasonable controversy cannot be said to be clearly wrong.

AFFIRMED.