No. 91-551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JOAN PLOOSTER,

Claimant and Appellant,

-v-

PIERCE PACKING COMPANY and STATE
COMPENSATION MUTUAL INSURANCE FUND,

Respondent and Respondent.

APPEAL FROM:   The Workers' Compensation Court
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Don Edgar Burris, Billings, Montana

For Respondent:

Elizabeth A. Horsman-Wiitala, State Compensation
Mutual Insurance Fund, Helena, Montana

FILED

Filed: FEB 2 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   June 4, 1992

Decided:   February 2, 1993

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The claimant, Joan Plooster, filed a petition in the Workers' Compensation Court alleging that the respondent, State Compensation Mutual Insurance Fund (State Fund), was responsible for payment of certain medical bills which it had refused to pay. Shortly before trial, the State Fund conceded liability for payment of the medical bills. At trial, the issues decided were whether claimant was entitled to a statutory penalty, attorney fees, and costs. The Honorable Nat Allen, substituting for Judge Timothy Reardon, found that respondent had acted unreasonably when it delayed payment of claimant's medical bills and awarded attorney fees and costs. However, he found that claimant was not entitled to statutory penalty. At a subsequent hearing, the Workers' Compensation Court found that $32 per hour was a reasonable rate for claimant's attorney fees and entered judgment awarding fees at that rate, plus the costs incurred by claimant. From that judgment, claimant appeals. The State Fund has not appealed the trial court's finding that it acted unreasonably, nor its conclusion that claimant is entitled to an award of attorney fees and costs. We reverse and remand for further proceedings in the Workers' Compensation Court.

The issues are:

1. Did the Workers' Compensation Court err when it refused to impose a penalty under § 39-71-2907, MCA (1978), even though it found that respondent had acted unreasonably?

2

2. Was there substantial evidence to support the Workers' Compensation Court's award of attorney fees in favor of the claimant in the amount of $32 per hour?

On December 20, 1990, claimant filed her petition for hearing in the Workers' Compensation Court. She alleged that while working for Pierce Packing Company on November 7, 1978, she had fallen and injured her neck, back, and arms. Respondent, the State Fund, insured Pierce Packing against workers' compensation claims at that time. Claimant alleged that although respondent was paying her disability benefits, it had refused to pay for certain medication which had been prescribed for her treatment. The medications included Benadryl and Vistaril which were apparently prescribed for hives and other skin disorders which resulted from anxiety attacks and were, in the opinion of her treating physician, at least partially attributable to her physical condition or her disability.

The State Fund filed an answer denying that claimant's use of Benadryl or Vistaril were causally related to claimant's industrial injuries and denied that she was entitled to recover attorney fees, costs, or any statutory penalty.

By June 13, 1991, eight days prior to trial, the State Fund conceded liability for the payment of prescription medication and agreed to pay the bills for Benadryl and Vistaril which had been prescribed. The Workers' Compensation Court found, and neither party disagrees, that the amount in controversy was approximately $300.

3

Later at trial, the only issues identified in the pretrial order were whether claimant was entitled to recover attorney fees, costs, and the statutory penalty. The only witnesses who testified were the claimant and John Gneckow, a claims examiner employed by the State Fund, who handled claimant's claim.

On August 25, 1991, the court entered Findings of Fact and Conclusions of Law. It found that the State Fund acted unreasonably by ignoring the opinion of claimant's treating physician, and refusing to pay for medicine which he prescribed. On that basis, it concluded that claimant was entitled to costs and a reasonable attorney fee. However, the court concluded that claimant was not entitled to the statutory penalty that can be awarded when payments have been unreasonably delayed or refused.

On September 19, 1991, the court held an additional hearing to determine what would be a reasonable attorney fee award. At that hearing, the only witness who testified was claimant's attorney. No evidence was offered by the State Fund. As a result of that hearing, the court entered its judgment awarding attorney fees. In that judgment, the court acknowledged that claimant's attorney's time was worth $150 an hour, but stated that it could not award that amount "in a $300 fight." On the other hand, the court concluded that the fee should not be the contingent fee provided for in the fee agreement entered into between claimant and her attorney because awarding that amount would make it impossible for claimants to be represented in disputes of this nature. The court

4

found that "$32 an hour will keep the Fund's power in check, and will at the same time not force the attorney into pro bono work."

On appeal, claimant contends that the Workers' Compensation Court erred by failing to award the statutory penalty, and further argues that the trial court's award of attorney fees was unsupported by the evidence and contrary to the law.

The following standards of review apply in this case: "Findings of the Workers' Compensation Court will not be overturned if there is substantial evidence in the record to support them." Kraft v. Flathead Valley Labor and Contractors (1990), 243 Mont. 363, 365, 792 P.2d 1094, 1095. Conclusions of law, "whether the conclusions are made by an agency, workers' compensation court, or trial court," will be upheld if the tribunal's interpretation of the law is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The law in effect at the time of claimant's injury establishes her substantive right to benefits under the Workers' Compensation Act. Buckman v. Montana Deaconess Hospital (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. The statute which provided for the imposition of a penalty at the time of claimant's injury was § 39-71-2907, MCA (1978). It provided as follows:

> When payment of compensation has been unreasonably delayed or refused, either prior or subsequent to the issuance of an award, the full amount of the order, decision, or award may be increased by 10% of the weekly award. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein.

5

We have previously held that where an insurer acts unreasonably to deny benefits to which a claimant is legally entitled, the statutory penalty should be imposed. Holton v. F.H. Stoltze Land & Lumber Co. (1981), 195 Mont. 263, 267-68, 637 P.2d 10, 13. In this case, the trial court found that the State Fund acted unreasonably. That finding has not been appealed by the State Fund. Therefore, we conclude that claimant was entitled to an award of a penalty of ten percent of one weekly award as provided for in § 39-71-2907, MCA (1978).

The State Fund conceded in its proposed findings and conclusions that claimant's entitlement to attorney fees is based on § 39-71-612, MCA (1978). That statute provided that:

> (1) If an employer or insurer pays or tenders payment of compensation under Chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation.

There is a strong presumption in the Workers' Compensation Court that fees awarded to a successful claimant should be in accordance with the approved contract between the attorney and his client. Wight v. Hughes Livestock Co. (1983), 204 Mont. 98, 664 P.2d 303. But,

> [i]f the judge does not set a fee in accordance with the contingent fee contract, he shall state with particularity his reasons in writing, based upon strong countervailing evidence, why the contingent fee contract is not followed by him, and precisely what weight he accorded to the contingent fee contract.

6

Wight, 664 P.2d at 312. Whether fees are awarded based on the contingent fee agreement or on some other basis, we held that the Workers' Compensation Court had to base the attorney fee on ten factors set forth in the Wight decision. Wight, 664 P.2d at 312. In this case, the Workers' Compensation Judge did state with particularity his reason for awarding a fee on an hourly basis, rather than based on the contingent fee agreement. His finding that it would be unreasonable to award a fee based on the contingent fee agreement where the amount in controversy was only $300 was supported by substantial evidence and is affirmed.

However, the trial court's finding that claimant was entitled to reimbursement for her attorney's services at the rate of $32 per hour was not supported by substantial evidence, nor was it properly articulated based upon the applicable ten-point criteria set forth in the Wight decision. The Wight criteria are as follows:

1. The anticipated time and labor required to perform the legal service properly.
2. The novelty and difficulty of legal issues involved in the matter.
3. The fees customarily charged for similar legal services.
4. The possible total recovery if successful.
5. The time limitations imposed by the client or circumstances of the case.
6. The nature and length of the attorney-client relationship.
7. The experience, skill and reputation of the attorney.
8. The ability of the client to pay for the legal services rendered.
9. The risk of no recovery.
10. The market value of the lawyer's services at the time and place involved.

Wight, 664 P.2d at 312.

7

The only evidence offered on any of the ten-point criteria was the claimant's attorney's testimony that his services were worth $150 an hour. State Fund's attorney conceded that attorneys doing similar work were reimbursed at rates between $85 and $125 per hour.

However, the trial court is not constrained by only the evidence introduced in considering the ten-point criteria. A court sitting as a fact finder in the determination of reasonable attorney fees can take into consideration the facts of the services performed and attending circumstances; such as the file, transcript, and the various hearings; as well as attorney's opinion of the value of the services. The court is also not required to lay aside its general knowledge, experience and ideas of such service and the value thereof, and it can apply such knowledge, experience and ideas in weighing the attorney's opinion and determining reasonable fees. 7 Am.Jur.2d Attorneys at Law, § 312, St. Louis-San Francisco Ry. v. Hurst (Ark. 1939), 129 S.W.2d 970, 975.

The trial court should articulate the evidence and its consideration of the applicable ten factors in its findings and conclusions, before awarding an amount, especially if a different amount is opined by the attorney.

For these reasons, the judgment of the Workers' Compensation Court is reversed and remanded to trial court to award the penalty and to reconsider and enter findings and conclusions on the basis

of the applicable ten factors from the evidence submitted and its general knowledge and experience.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

Justice Terry N. Trieweiler, concurring in part and dissenting in part.

I concur with the majority's conclusion that this case should be reversed and remanded to the trial court for the imposition of a statutory penalty pursuant to § 39-71-2907, MCA (1978). I also concur with the majority's conclusion that the attorney fee award should be reversed and that this case should be remanded for further consideration of an appropriate attorney fee award with proper consideration given to the factors articulated in *Wight v. Hughes Livestock Co., Inc.* (1983), 204 Mont. 98, 664 P.2d 303.

However, I conclude that the trial court should have awarded fees at the only rate which was in evidence, or listed specific factors from the *Wight* test which were supported by evidence. On remand I would direct that it do so.

I specifically dissent from that part of the majority opinion which holds that:

> The court is also not required to lay aside its general knowledge, experience and ideas of such service and the value thereof, and it can apply such knowledge, experience and ideas in weighing the attorney's opinion and determining reasonable fees.

This part of the majority opinion gives the trier of fact authority to base his decision on his own experience rather than the evidence. This process is the antithesis of our adversary system and gives trial judges carte blanche authority to impose their own arbitrary opinions on litigants rather than binding them to decisions in conformity with the evidence presented. This result is contrary to every notion of fairness that this Court has

10

attempted to impose over the years it has existed to review appeals.

Because of this decision, no litigant in the Workers' Compensation Court in the future will be able to predict the outcome of any case with certainty based on the evidence that was presented. Not only is this an unfortunate result for litigants, it will present an impossible standard of review. Instead of considering whether there was substantial evidence to support the trial court's findings of fact regarding the reasonableness of attorney fees, the new standard of review will have to be whether each of the Supreme Court Justices, as individuals, shares the same "knowledge, experience and ideas" as the finder of fact. Otherwise, it is going to be difficult to agree with that person's findings and conclusions.

For these reasons, I concur in part and dissent in part from the majority opinion.

_____
Justice

Justice William E. Hunt, Sr.:

I join in the dissent of Justice Trieweiler.

_____
Justice

11

February 2, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Don Edgar Burris
Attorney at Law
P.O. Box 2344
Billings, MT  59103

Elizabeth A. Horsman-Wiitala, Esq.
State Compenation Mutual Ins. Fund
5 So. Last Chance Gulch
Helena, MT  59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy