No. 93-044

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993


SHEILA STORDALEN,

      Petitioner and Appellant,

  v.

RICCI'S FOOD FARM,

      Employer,

  and

STATE COMPENSATION MUTUAL INSURANCE FUND,

      Defendant and Respondent.

FILED

OCT 26 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   Montana Workers' Compensation Court
               The Honorable Timothy W. Reardon, Judge presiding.


**COUNSEL OF RECORD:**

     For Appellant:

       Don Edgar **Burris,** Attorney at Law,
       Billings, Montana

     For Respondent:

       Michael P. Heringer, Brown, Gerbase, Cebull,
       Fulton, **Harman &** Ross, Billings, Montana


                Submitted on Briefs:  April 30, 1993

                       Decided:  October 26, 1993

Filed:

_____
               Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

This is an appeal from a decision of the Workers' Compensation Court denying appellant Sheila Stordalen a penalty pursuant to § 39-71-2907, MCA, and denying her attorney fees pursuant to § 39-71-612, MCA, after the Workers' Compensation Court found that respondent State Compensation Mutual Insurance Fund acted unreasonably when it denied liability for a neurological consultation.

We reverse and remand to the Workers' Compensation Court.

Stordalen initially raised four issues on appeal. However, we determine the following issue to be dispositive:

Did the Workers' Compensation Court err when it failed to impose a 20 percent penalty pursuant to § 39-71-2907, MCA, and attorney fees pursuant to § 39-71-612, MCA, after it found that the State Fund acted unreasonably in denying liability for a neurological consultation?

A hearing was held in this matter on May 13, 1992. On December 28, 1992, the hearing examiner issued proposed findings of fact, conclusions of law, and order which were adopted by the Workers' Compensation Court. Stordalen appeals the findings of the Workers' Compensation Court.

Did the Workers' Compensation Court err when it failed to impose a 20 percent penalty pursuant to § 39-71-2907, MCA, and attorney fees pursuant to § 39-71-612, MCA, after it found that the State Fund acted unreasonably in denying liability for a neurological consultation?

2

Our standard of review is that findings of the Workers' Compensation Court will not be overturned if there is substantial evidence in the record to support them. Plooster v. Pierce Packing Co. (1993), 256 Mont. 287, 291, 846 P.2d 976, 978. However, when reviewing the Workers' Compensation Court's conclusions of law, our review is plenary. We determine if the Workers' Compensation Court's determination as to the law is correct. Martelli v. Anaconda-Deer Lodge County (Mont. 1993), 852 P.2d 579, 580, 50 St. Rep. 479, 480.

Section 39-71-2907(1), MCA (1989), provides for an increase in award when the State Fund acts unreasonably by refusing to pay benefits.

> When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein.

Section 39-71-612, MCA, allows the Workers' Compensation Court to award attorney fees if it finds that the State Fund acted unreasonably. A determination of what is unreasonable is a question of fact. Metzger v. Chemetron Corp. (1984), 212 Mont. 351, 358, 687 P.2d 1033, 1037.

3

We have held that when an insurer acts unreasonably by denying benefits to which a claimant is legally entitled, the court should impose the statutory penalty. <u>Plooster,</u> 846 **P.2d** at 978. In <u>Plooster,</u> the Workers' Compensation Court found that the State Fund acted unreasonably when it ignored the opinion of claimant's treating physician and refused to pay for medicine which the doctor had prescribed. <u>Plooster,</u> 846 **P.2d** at 978. However, after making that determination, the Workers' Compensation Court denied claimant's entitlement to a statutory penalty. <u>Plooster,</u> 846 **P.2d** at 978. We reversed the Workers' Compensation Court and stated that the claimant was entitled to a penalty. <u>Plooster,</u> 846 **P.2d** at 978.

In Chapman v. Research Cottrell **(1991),** 811 **P.2d** 1283, 1285, 248 Mont. 353, 357, this Court held that when an insurer denies a claimant's request to change treating physicians, the decision must be reasonable. Here, the request is not for a change of treating physicians, but to seek consultation of a medical expert. A claimant must obtain authorization from the State Fund for a referral to a medical expert for consultation. 24.29.1403(3), ARM (repealed eff. 4/1/93).

In this instance, the State Fund denied Stordalen's request for a consultation with Dr. Nelson for the following reasons: **(1)** a neurologist was not indicated on the file; (2) the claimant lives in Livingston, while Dr. Nelson's practice is in Billings: and (3) billing factors. The Workers' Compensation Court found that none of the above-stated reasons justified denying **Stordalen's** request

4

to be examined by a physician of her choice. The court concluded that the State Fund unreasonably denied Stordalen's request for consultation with a physician of her choice and found the State Fund liable for her neurological examination. The Workers' Compensation Court determined that Stordalen was not entitled to a penalty pursuant to § 39-71-2907, MCA. The State Fund did not appeal this ruling.

We hold that the Workers' Compensation Court should impose the penalty and attorney fees because it found that the State Fund acted unreasonably in denying Stordalen's request for a consultive examination.

We reverse and remand to the Workers' Compensation Court for a determination of penalty and attorney fees.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

5

October 26, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Don Edgar Burris
Attorney at Law
P.O. Box 2344
Billings, MT 59103

Michael P. Heringer
Brown, Gerbase, Cebull, Fulton, Harman & Ross
P.O. Box 849
Billings, MT 59103-0849


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy