No. 94-351

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DAVID WILLIAMS,

    Petitioner and Appellant,

    -v-

PLUM CREEK TIMBER COMPANY,

    Respondent/Insurer and Respondent.



FILED

MAR 07 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court
               The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            David W. Lauridsen, Laurie Wallace, Bothe &
            Lauridsen, Columbia Falls, Montana

        For Respondent:

            Kelly M. Wills, Garlington, Lohn & Robinson,
            Missoula, Montana

            Submitted on Briefs: December 15, 1994

                    Decided: March 7, 1995

Filed:

              Cl&k

Justice James C. Nelson delivered the Opinion of the Court.

Workers' compensation claimant, David Williams, appeals from the findings of fact, conclusions of law and judgment of the Workers' Compensation Court entered on June 28, 1994. The court ruled that Williams was entitled to permanent partial disability benefits, however the court denied Williams' request for attorney fees and a 20% penalty. We affirm.

The sole issue on appeal is whether Workers' Compensation Court erred when it denied the claimant's requests for attorney fees and a 20% penalty.

## BACKGROUND

On December 4, 1992, while working for Plum Creek Timber Company (Plum Creek), Williams injured his left foot after catching it in a chain and sprocket. Williams suffered a partial amputation to his fifth toe, and a comminuted compound fracture of his great toe. Williams was treated by Dr. G.W. Ingham, an orthopedic surgeon, who assigned an impairment rating of one percent of the whole man, based on the injuries Williams' suffered to his left foot.

At the time of the injury, Plum Creek was self-insured pursuant to Plan I of the Workers' Compensation Act, and accepted liability for Williams' injury. Williams was out of work for approximately one month, during which time he received temporary total disability benefits. On January 6, 1993, Williams returned to work at Plum Creek, and worked there for approximately one month before taking a job at another sawmill where he operated equipment.

2

Williams is presently employed with the City of Kalispell as a truck driver and street sweeper.

Williams filed a claim for compensation benefits in January 1993. While the insurer did not dispute the one percent impairment rating, it denied Williams permanent partial disability benefits after concluding that he did not meet the 1991 statutory definition of permanent partial disability. On March 11, 1994, Williams filed a petition with the Workers' Compensation Court, requesting permanent partial disability benefits, attorney fees and costs, and the imposition of a 20% penalty. The Workers' Compensation Court held a hearing on the matter on June 14, 1994. During the hearing, Williams testified that while his injury does not interfere with his ability to perform his present job, his foot is sensitive to cold. Dr. Ingham testified by deposition that Williams' foot is affected by cold conditions as a result of his injury.

The Workers' Compensation Court issued its findings of fact, conclusions of law and judgment on June 28, 1994. The court concluded that Williams met the definition of permanent partial disability and is entitled to a permanent partial disability award in the amount of $3,053.75. The court also concluded that the insurer's refusal to pay Williams benefits was not unreasonable, and accordingly denied Williams attorney fees and did not impose a penalty. The court did however award Williams costs. The court denied attorney fees and the imposition of a 20% penalty because it determined that a valid dispute existed over the statutory interpretation of § 39-71-703, MCA (1991), and a factual dispute

existed concerning whether Williams had a medically determined physical restriction. Williams appeals from this judgment.

## STANDARD OF REVIEW

We employ two different standards when reviewing the Workers' Compensation Court's decisions. We review findings of fact to determine whether they are supported by substantial credible evidence. We review the Workers' Compensation Court's conclusions of law to determine whether the court's interpretation of the law is correct. Caekaert v. State Comp. Mut. Ins. Fund (1994), 885 P.2d 495, 498, 51 St.Rep. 1202, 1204.

## DISCUSSION

On appeal, Williams argues that the Workers' Compensation Court erred when it denied his request for attorney fees and a 20% penalty pursuant to § 39-71-612, MCA (1991), and § 39-71-2907, MCA (1991). Williams contends he is entitled to attorney fees and costs because the insurer unreasonably denied his request for permanent partial disability benefits, and the court erred in determining that the insurer did not unreasonably deny benefits based on its interpretation of § 39-71-703, MCA (1991), and § 39-71-116(15), MCA (1991).

**Williams** maintains that because he was given an undisputed impairment rating, he is automatically entitled to permanent partial disability benefits pursuant to § 39-71-703, MCA (1991). Williams relies on Holton v. F.H. Stoltze Land & Lumber Co. (1981), 195 Mont. 263, 637 P.2d 10, to support his argument that undisputed **impairment** ratings implicitly satisfy the definition of permanent

**4**

partial disability, and therefore undisputed impairment awards must be paid without contest.

The insurer however, argues that the impairment rating in and of itself is insufficient to establish an entitlement to permanent partial disability benefits under the 1991 statutes. Rather, the insurer contends that Williams must meet the definition of permanent partial disability as that term is defined in § 39-71-116(15), MCA (1991). According to the insurer, permanent partial disability benefits do not have to be paid absent a finding that the industrial injury resulted in a physical restriction which impairs the worker's ability to work. The insurer concluded that Williams did not have any physical restriction which would impair his ability to work and therefore denied Williams benefits.

The Workers' Compensation Court found that Williams met the definition of permanent partial disability, however, it concluded that the insurer did not act unreasonably in denying benefits because there was a valid dispute over the interpretation of § 39-71-703, MCA, (1991), and § 39-71-116(15), MCA (1991) (hereinafter Section 703, and Section 116(15)), because of the amendments made to those statutes during the 1991 legislative session. Williams claims the court erred in interpreting the statutes and argues that had the court correctly concluded that undisputed impairment awards must be paid without contest, the court would have been required to find that the insurer's refusal to pay the permanent partial disability benefits in this case was unreasonable. Williams contends that while Section 703 and Section 116(15) were amended in

5

1991, the amendments did nothing to change the law with respect to the automatic entitlement for undisputed impairment awards. We disagree.

It is well established under the Workers' Compensation Act (Act) that the law in effect at the time of a claimant's injury establishes the claimant's substantive right to benefits. Plooster v. Pierce Packing Co. (1993), 256 Mont. 287, 291, 846 P.2d 976, 978, citing, Buckman v. Montana Deaconess Hospital (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. Therefore, the governing statute in this case is § 39-71-703, MCA (1991).

Under the 1987 Act, there were two types of benefits for permanent partial disability, impairment awards and wage supplements. In order to meet the definition of permanent partial disability under the 1987 Act, a claimant had to have a medically determined physical restriction and be able to return to work, albeit with the impairment or partial wage loss or both. Section 39-71-116(14), MCA (1987). Section 39-71-703, MCA (1987), set forth the entitlement to the impairment award, and was based on a physician assigned impairment rating. According to our holdings in Holton and Grimshaw v. L. Peter Larson Co. (1984), 213 Mont. 291, 691 P.2d 805, once a physician assigned an impairment rating, that became the medical component of the disability award and had to be automatically paid.

However, the 1991 Legislature amended both the definition of permanent partial disability (Section 116(15)) and the entitlement statute (Section 703). The 1991 amendments eliminated the notion

6

of 'impairment awards' versus 'wage supplement benefits.' Under the 1991 Act, claimants are entitled to a "permanent partial disability award" if they are permanently partially disabled. Russette v. Chippewa Cree Housing Auth. (1994), 874 P.2d 1217, 1218, 51 St.Rep. 414, 415.

Therefore, before claimants are entitled to permanent partial disability benefits they must meet the definition of permanent partial disability. Section 116(15) provides:

> "Permanent partial disability" means a condition, after a worker has reached maximum healing, in which a worker:
>        (a) has a medically determined physical restriction as a result of an injury as defined in 39-71-119; and
>        (b) is able to return to work in some capacity but the physical restriction impairs the worker's ability to work.

Section 116(15) requires a claimant to meet a two prong test in order to be eligible for permanent partial disability benefits under Section 703. To meet the two prongs, the claimant (1) must have a medically determined physical restriction as a result of an injury; and (2) must be able to return to work in some capacity but the physical restriction must impair the worker's ability to work. Therefore, according to the 1991 Act, if the physical restriction does not impair the claimant's ability to work, then he or she is not permanently partially disabled under Section 116(15), and is not entitled to a permanent partial disability benefit award under Section 703.

Upon applying the two part test to the instant case, the Workers' Compensation Court found that Williams met the definition of permanent partial disability and concluded he was entitled to an

impairment award. The court based its decision on Dr. Ingham's testimony that cold temperatures cause Williams' toes and foot to ache and that Williams will, therefore, have difficulty working in very cold environments for prolonged periods of **time.** After reviewing the evidence the Workers' Compensation Court relied on in making this determination, we conclude the court's finding in this regard is supported by substantial credible evidence.

The determination of whether Williams met the definition of permanent partial disability is a conclusion of law. See, Denial of Application for Issuance of Beer/Wine License (1994), 883 P.2d 833, 835, 51 St.Rep. 1029, ("The interpretation and application of a statute to a particular set of circumstances are matters of law."). We hold that the Workers' Compensation Court was correct in concluding that Williams met the definition of permanent partial disability.

Finally, we address Williams' contention that the Workers' Compensation Court erred in denying his request for attorney fees and by failing to impose a 20% penalty. The court did not award attorney fees or a penalty, concluding that: (1) the 1991 amendments to Section 703 and Section 116(15) created a legitimate dispute over the legal interpretation of the statutes; and (2) a valid factual dispute existed over whether Williams had a medically determined physical restriction.

According to the 1991 Act, a claimant is only entitled to attorney fees and a penalty if the insurer's conduct in denying benefits was unreasonable. Sections 39-71-611, and 612, MCA

(1991).    In addition, the Workers' Compensation Court judge may, pursuant to § 39-71-2907(1), MCA (1991), increase by 20% the full amount of benefits due a claimant during the period of delay or refusal to pay, if the insurer unreasonably delays or refuses to make payments.  Here, the court found that the insurer did not act unreasonably when it refused to pay the undisputed impairment rating.

The court concluded that a valid factual dispute existed concerning whether Williams' injury impaired his ability to work. The court noted that Dr. Ingham's office notes did not indicate any physical restriction regarding Williams' work.   The court also concluded that Dr. Ingham's deposition testimony was not clear in resolving the issue of whether Williams' injury impacted his ability to work.

The Workers' Compensation Court also found that a dispute existed over the statutory interpretation of § 39-71-703, MCA (1991), and concluded the insurer's interpretation of that statute was not unreasonable as it was attempting to interpret a statute without having the benefit of any case law to aid in its interpretation.

The determination of whether an insurer unreasonably delayed or refused to make payment is a question of fact.   Stordalen v. Ricci's Food Farm (1993), 261 Mont. 256, 258, 862 P.2d 393, 394. We hold that substantial credible evidence supported the Workers' Compensation Court's determination that the insurer did not act unreasonably  in denying Williams permanent partial disability

9

benefits in light of valid factual disputes and questions of legal interpretation.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices