No.  95-089

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


DAVID ROBERTSON,

     Petitioner and Appellant,

  v.

AERO POWER-VAC, INC., Employer,

   and

STATE COMPENSATION MUTUAL
INSURANCE FUND,

     Respondents and Respondents.

FILED

JUL 2 5 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Workers' Compensation Court, State of Montana,
               The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Rex Palmer; Attorneys, Inc., Missoula, Montana


     For Respondents:

        Daniel J. Whyte, Legal Counsel, State Compensation
        Insurance Fund, Helena, Montana


               Submitted on Briefs:  June 15, 1995

                      Decided:  July 25, 1995

Filed:

                               Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

David Robertson appeals from the decision and order of the Workers' Compensation Court which established his temporary total disability rate at $203.67 and denied his entitlement to attorney fees and a penalty. We affirm.

The issues on appeal are:

1. Did the Workers' Compensation Court err in interpreting § 39-71-123(3), MCA (1991), and applying it to the facts of this case?

2. Did the Workers' Compensation Court err in failing to award attorney fees and impose a penalty?

The underlying facts in this case are undisputed. David Robertson (Robertson) was hired by Aero Power-Vac, Inc. (Aero) for a cleaning project to be performed at Stone Container in Missoula, Montana. Aero was insured by the State Compensation Mutual Insurance Fund (State Fund) under Plan III of the Workers' Compensation Act.

The terms, conditions and wages regarding Robertson's employment were contained in a contract (Contract) executed by both Robertson and Aero. The Contract specified that work shifts would be 12 hours and that per hour pay would be $6.50 for straight time up to 40 hours a week and time-and-one-half for hours worked in excess of 40 hours in any work week. The duration of the project was not specified. At the time Robertson was hired, however, Aero stated orally that the cleaning project "could last 5 to 6 days" and that, subject to satisfactory performance, Robertson was expected to work the entire project.

2

Robertson was injured in the course and scope of his employment with Aero on June 9, 1993. The State Fund accepted liability for the injury and paid him temporary total disability benefits based on a 40-hour work week at $6.50 per hour.

Robertson petitioned the Workers' Compensation Court for a determination that his bi-weekly benefit rate should be calculated on the basis of a 72-hour work week; the rate was based on his contention that he was hired to work six 12-hour shifts. He also requested attorney fees and a penalty, contending that the State Fund was unreasonable in refusing to recognize the number of hours for which he was hired when calculating his benefit rate. The State Fund responded that Robertson had not been hired to work more than 40 hours per week and denied that its actions had been unreasonable.

The Workers' Compensation Court concluded that Robertson was entitled to temporary total disability benefits based on a 47-hour work week. Based on its finding that the State Fund's position was not unreasonable, the court also concluded that Robertson was not entitled to attorney fees or a penalty. Robertson appeals.

1. Did the Workers' Compensation Court err in interpreting § 39-71-123(3), MCA (1991), and in applying it to the facts of this case?

Interpreting § 39-71-123(3), MCA (1991), the Workers' Compensation Court concluded that Robertson's temporary total disability rate should be based on a 47-hour work week. Robertson contends that the court erred because the statute, properly interpreted and applied, entitles him to a benefit rate based on a

3

72-hour work week. We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. David v. State Compensation Mut. Ins. Fund (1994), 267 Mont. 435, 438, 884 P.2d 778, 780.

An injured employee's wages for workers' compensation benefit purposes ordinarily are calculated on the basis of "the average actual earnings for the four pay periods immediately preceding the injury . . . ." Section 39-71-123(3), MCA (1991). When an employee's term of employment for the same employer is less than four pay periods, however, the employee's wages "are the hourly rate times the number of hours in a week for which the employee was hired to work[.]" Section 39-71-123(3)(a), MCA (1991).

It is undisputed that subsection (3)(a) of § 39-71-123, MCA (1991), applies here, since Robertson's term of employment with Aero was less than four pay periods. Robertson's hourly rate also is undisputed. Thus, under the statute, the only question before the Workers' Compensation Court was the number of hours in a week for which Robertson was hired to work.

Robertson asserts that it is undisputed that he was hired to work five to six 12-hour shifts. The Contract states that shifts will be 12 hours in length. This identification of the length of work shifts, together with Robertson's assertion that he was told that the project would last five to six days and that he was expected to work the entirety of the project, forms the basis for his claimed entitlement to temporary total disability benefits based on a 72-hour work week.

4

The record, however, does not support Robertson's contentions. As noted above, the Contract does not state the duration of the cleaning project at Stone Container. Moreover, the agreed facts submitted to the Workers' Compensation Court reflect that Robertson was told at the time of hire that the "project could last 5 to 6 days." (Emphasis added.) Further, in an interview with the State Fund's investigator, Aero's president stated that Robertson was told when hired that the shifts would be "up to 12 hours" and that the job "might last" five to six days.

The record also establishes that, in fact, the project lasted only four days. No employee worked for more than four days on the project and no employee who worked on the project from beginning to end worked more than 47 hours.

On the basis of this record, the Workers' Compensation Court properly determined that Robertson was hired for the duration of the project, rather than for a guaranteed number of shifts or hours, and that the five to six day period mentioned at the time of the hire was the "outside estimate" of that duration. The court also properly determined that Robertson was hired to work 47 hours during the week of the project. Thus, we conclude that the Workers' Compensation Court did not err in interpreting § 39-71-123(3)(a), MCA (1991), and in applying it to the facts of this case.

2. Did the Workers' Compensation Court err in failing to award attorney fees and impose a penalty?

Section 39-71-612(1), MCA (1991), authorizes an award of attorney fees where the amount of compensation is disputed and the

5

amount granted by the Workers' Compensation Court is greater than the amount paid. However, such an award "may only be made if it is determined that the actions of the insurer were unreasonable." Section 39-71-612(2), MCA (1991). The 20% penalty authorized by § 39-71-2907, MCA (1991), also is available only in the event the insurer's refusal to pay is unreasonable.

Here, the Workers' Compensation Court awarded Robertson temporary total disability benefits in an amount greater than the State Fund was paying, based on its determination that his benefits should be calculated on a 47-hour work week rather than the 40-hour week the State Fund utilized. Thus, the threshold factor upon which attorney fees can be awarded under § 39-71-612, MCA (1991), is met here. The court found, however, that the State Fund had not been unreasonable and, therefore, denied both attorney fees and a penalty.

Robertson challenges the court's determination that the State Fund was not unreasonable. Reasonableness is a question of fact. Stordalen v. Ricci's Food Farm (1993), 261 Mont. 256, 258, 862 P.2d 393, 394. We review the Workers' Compensation Court's findings of fact to determine whether they are supported by substantial evidence. Stordalen, 862 P.2d at 394.

At the outset, it is clear from our discussion of the first issue that Robertson's claimed entitlement to benefits based on a 72-hour work week was properly rejected by the Workers' Compensation Court. Thus, the State Fund's denial of that claimed entitlement could not have been unreasonable.

6

Moreover, with regard to the State Fund's use of a 40-hour work week in calculating Robertson's benefits, the record reflects that a number of the employees who worked on the Stone Container project worked less than 40 hours over the duration of the project. Indeed, the record establishes that employees who worked on the project averaged fewer than 40 hours and only three of those employees worked more than 40 hours over the project's duration.

We conclude that substantial evidence supports the Workers' Compensation Court's finding that the State Fund's position was not unreasonable. Therefore, we conclude that the court did not err in failing to award attorney fees and impose a penalty.

AFFIRMED.

_____
                    Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices