No. 95437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

VICTORIA KLOEPFER,

Petitioner and Appellant,

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY,

Respondent and Insurer for

BECHTEL CONSTRUCTION COMPANY,

Employer and Respondent.

APPEAL FROM: Workers' Compensation Court, State of Montana,
The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James G. Edmiston, III, Edmiston Law Firm,
Billings, Montana

For Respondent:

Steven S. Carey, Carey, Meismer & McKeon,
Missoula, Montana

Submitted on Briefs: April 25, 1996

Decided: May 20, 1996

FILED

MAY 2 0 1996

Filed:

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

This is an appeal from the Workers' Compensation Court judgment denying Victoria Kloepfer permanent total disability benefits. We affirm.

The issue presented for review is whether the Workers' Compensation Court erred in denying Kloepfer permanent total disability benefits.

FACTS

From April through September 1991 Kloepfer worked as a general laborer for Bechtel Construction Company at the Conoco Refinery in Billings, Montana. During that time, Kloepfer filed an occupational disease claim for an injury arising out of her employment at Bechtel. The claim was accepted and she participated in a work-hardening program as part of her rehabilitation for her occupational disease. In that program, Kloepfer injured her back in April 1992 when she was directed to move a wheelbarrow loaded with gravel.

A diagnostic test in March 1993 revealed that Kloepfer had a small central disc protrusion, L5-S1. She was diagnosed with myofascial pain and complained of pain from her interscapular area down to her legs and toes. An orthopedic surgeon, Dr. Teal, performed a lumbar fusion at L5-S1 in an attempt to alleviate the pain. After the operation, Kloepfer experienced essentially the same pain as she had before.

Dr. Teal, as her treating physician, testified that there was nothing more he could do for her at that point. At the time of

trial, she was receiving no treatment and took a mild analgesic for pain. Kloepfer has reached maximum healing and maintains that her pain renders her incapable of gainful employment and that she is therefore permanently and totally disabled.

At the request of Lumbermens Mutual Casualty Company, Kloepfer was evaluated by an independent medical panel of physicians in Missoula. The panel concluded that Kloepfer could perform sedentary and light-duty work on a full-time basis. Kloepfer's treating physician, Dr. Teal, testified that he felt she could work at least part-time although with significant absenteeism. The Workers' Compensation Court concluded that Kloepfer's pain did not preclude her from returning to work. From the Workers' Compensation Court's judgment denying permanent total disability benefits, Kloepfer appeals.

DISCUSSION

Did the Workers' Compensation Court err in denying Kloepfer permanent total disability benefits?

The Workers' Compensation Court found that Kloepfer could return to work full-time if she was motivated to do so. However, the court found that Kloepfer was unmotivated to work and that her lack of motivation was fueling the pain which she claimed prevented her from working. The court found that Kloepfer's physical condition did not preclude her from working. Pursuant to those findings, the court determined that Kloepfer was not permanently totally disabled and was not entitled to permanent total disability benefits.

3

We review the Workers' Compensation Court's findings of fact to determine whether they are supported by substantial credible evidence. We review the Workers' Compensation Court's conclusions of law to determine whether the court's interpretation of the law is correct. Williams v. Plum Creek Timber (1995), 270 Mont. 209, 212, 891 P.2d 502, 503.

Permanent total disability is defined in § 39-71-116(23), MCA, to mean

> a physical condition resulting from injury as defined in [the Workers' Compensation Act], after a worker reaches maximum medical healing, in which a worker does not have a reasonable prospect of physically performing regular employment. Regular employment means work on a recurring basis performed for remuneration in a trade, business, profession, or other occupation in this state. Lack of immediate job openings is not a factor to be considered in determining if a worker is permanently totally disabled.

Conflicting testimony was presented regarding Kloepfer's ability to physically perform regular employment. Kloepfer's treating physician, Dr. Teal, testified that Kloepfer could only perform part-time work and her work would be subject to significant increased absenteeism on days when she was in severe pain. Due to these restrictions on employment, Dr. Teal opined that Kloepfer could not return to regular employment and was therefore permanently totally disabled.

At the defendant's request, an independent medical panel was assembled consisting of an occupational and environmental medicine specialist, an orthopedic surgeon, a neurologist, and a psychologist specializing in pain evaluation and management. The panel examined Kloepfer and concluded that she did suffer from

4

chronic pain but that it was due to a somatoform disorder, which meant her pain was amplified on account of psychological factors. In the panel's opinion, Kloepfer could perform entry level, light-duty work on a full-time basis. Kloepfer claims that the District Court erred in discounting Dr. Teal's opinion, as the opinion of her treating physician, in favor of the panel's opinions.

As a general rule we have held that the testimony of a treating physician is entitled to greater evidentiary weight. Pepion v. Blackfeet Tribal Industries (1993), 257 Mont. 485, 489, 850 P.2d 299, 302. Nevertheless, a treating physician's opinion is not conclusive. To presume otherwise would quash the role of the fact finder in questions of an alleged injury. The Workers' Compensation Court, as the finder of fact, is in the best position to assess witnesses' credibility and testimony. Miller v. Frasure (1994), 264 Mont. 354, 362, 871 P.2d 1302, 1307. "Even though conflicting evidence may exist in the record, it is the duty of the Workers' Compensation Court, and not this Court, to resolve such conflicts." Pepion, 850 P.2d at 302.

As the reviewing court, our function is confined to the Workers' Compensation Court's final determination and not to whether there was sufficient evidence to support contrary findings. Gaumer v. Dept. of Highways (1990), 243 Mont. 414, 418, 795 P.2d 77, 79. The Workers' Compensation Court's final determination was that Kloepfer

> presented no evidence that her physical condition is permanently disabling. Her claim for disability is based

5

on her assertion that she cannot work because of pain. While pain must be considered in determining the ability of an injured worker to return to work, *Metzger v. Chemtron Corporation,* 212 Mont. 351, *687* P.2d 1033 (1984), I am not persuaded that [Kloepfer's] pain precludes her from returning to work. Rather, I am persuaded that claimant's ability to return to work is purely a function of her motivation.

We have reviewed the record and conclude that it contains sufficient evidence to support the Workers' Compensation Court's finding that Kloepfer's inability to return to work was a result of her lack of motivation and she was physically able to perform regular employment. Having reached that finding, the court correctly concluded that Kloepfer was not permanently totally disabled pursuant to § 39-71-116(23), MCA. Accordingly, the Workers' Compensation Court did not err in denying Kloepfer permanent total disability benefits. Because we have affirmed the District *Court's* determination that Kloepfer is not precluded from returning to full-time work, we need not address her contention that a release to restricted part-time work justified a finding of permanent total disability.

Affirmed.

_____
Justice

We concur:

_____

_____

6

_____

_____
Justices

Justice William E. Hunt dissenting.

I dissent. Reading the majority opinion and the record, I can only conclude that the claimant in this case cannot enter into a full employment market and is restricted in what she can do regardless of what her motivation may be. The medical record as set forth by Dr. Teal, finds her to be suffering from chronic pain. The panel finds the pain was due to a psychological problem which Dr. Teal finds was the result of the injury claimant suffered. I believe because claimant is medically restricted in what work she can do she is entitled to permanent total disability.

_William E. Hunter_
Justice